```
                    United States District Court
                       District of Massachusetts
_____
                              )
ENGLISHTOWN, INC.             )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    12-10636-NMG
ROSETTA STONE INC.,           )
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This is an action for the alleged infringement of patents pertaining to language-learning products, software, online services and practice tools. Currently pending before the Court are 1) the parties' proposed, competing constructions of disputed claim terms within the patents-in-suit, 2) plaintiff's motion to amend the Complaint and 3) plaintiff's motion for a stay pending resolution of its request for supplemental examination of the patents-in-suit. For the reasons explained below, the Court will allow plaintiff's motions to amend and to stay but retain under advisement the parties' claim construction proposals.

I.  **Background**

   A.  **The Parties**

   Plaintiff Englishtown, Inc. ("Englishtown") is a Delaware corporation with a principal place of business in

Cambridge, Massachusetts that was formed in 1996 to develop an interactive online product for teaching students foreign languages over the Internet. In particular, Englishtown sought to create an online community in which students could teach each other languages 24/7, without the need for teachers. It did so primarily through so-called "pair games" wherein students learn language skills by playing interactive games with each other in groups of two or more.

Defendant Rosetta Stone Inc. ("Rosetta Stone") is a Delaware corporation with a principal place of business in Arlington, Virginia. Rosetta Stone creates and sells language-learning products and services, including several that are offered online.

### B. The Technology

Plaintiff alleges that defendant has infringed two patents that pertain to a system and method for teaching online educational courses over a network. In May, 2004, the U.S. Patent and Trade Office ("PTO") issued to plaintiff U.S. Patent No. 6,741,833 ("the '833 Patent"), which is titled "Learning Activity Platform and Method for Teaching a Foreign Language over a Network." The PTO issued U.S. Patent No. 7,058,354 ("the '354 Patent") in June, 2006. The '354 Patent is a continuation of the '833 Patent and for present purposes is only relevant because one disputed claim

term appears in both the '833 Patent and the '354 Patent.

**C.     Procedural History**

In April, 2012, plaintiff filed a two-count Complaint alleging infringement by defendant of both the '833 and '354 Patents.  Defendant duly answered and asserted four counterclaims, seeking a declaratory judgment of non-infringement and invalidity as to each of the patents-in-suit.  Plaintiff moved to file an Amended Complaint in March, 2013, seeking to add claims for indirect infringement and willful infringement of the '354 Patent and to add Rosetta Stone, Ltd., a wholly-owned subsidiary of defendant, as a party-defendant.

Later in March, 2013 plaintiff moved for a stay of the litigation pending the resolution of its requests for supplemental examinations of the patents-in-suit by the PTO. After the Court conducted a Markman hearing in April, 2013, plaintiff filed notices with the Court informing it that the PTO had concluded that the prior art plaintiff presented to the PTO raised substantial new questions of patentability ("SNQs").  The PTO subsequently issued an office action rejecting all claims in both the '833 and '354 Patents and ordered ex parte reexamination proceedings with respect to both patents.

## II. **Motion to Amend**

### A. **Standard of Review**

Plaintiff seeks leave of the Court to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2), which states that a court "should freely give leave when justice so requires." Even so, district courts enjoy "significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Reasons for denying leave, inter alia, include undue delay in filing the motion, undue prejudice to the opposing party and futility of amendment. Id. Amendment is futile when the amended complaint would still fail to survive a motion to dismiss. See Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

### B. **New Party**

Plaintiff's request to add Rosetta Stone, Ltd. as a party is timely and will be allowed. Defendant does not claim any undue prejudice to itself or to Rosetta Stone, Ltd. resulting from the addition. Although defendant complains that plaintiff failed to provide two weeks advance notice of the addition, as required under Local Rule 15.1(b), plaintiff obtained information from defendant connecting Rosetta Stone, Ltd. to the allegedly infringing products on the eve of the deadline for addition of parties

set by this Court.  Under these circumstances, and where defendant and putative defendant Rosetta Stone, Ltd. bear such a close relationship, denial of leave to amend on this ground is unwarranted.

### C. **Willful Infringement**

Plaintiff's request to add allegations that defendant willfully infringed the '354 Patent will also be allowed because, under the circumstances of this case, addition of such a claim would not be futile.

To prevail on a claim of willful infringement, the patentee must prove that: (1) the accused infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (2) this objectively defined risk was either known or so obvious that the accused infringer should have known about it. K-Tec, Inc. v. Vita-Mix Corp., 696 F.3d 1364, 1378 (Fed. Cir. 2012).

Here, plaintiff alleges that defendant has willfully infringed the '354 Patent because it has continued selling infringing products despite learning of the '354 Patent through service of plaintiff's Complaint in April, 2012. Put differently, plaintiff's allegation of willful infringement of the '354 Patent rests entirely upon defendant's post-filing conduct.

Defendant, relying upon dictum in In re Seagate Tech., LLC, argues that willful infringement allegations based solely upon post-filing conduct fail to state a plausible claim for willful infringement because, ordinarily, "willfulness will depend on an infringer's prelitigation conduct" and when an accused infringer engages in reckless conduct, post-filing, the patentee can seek injunctive relief. See 497 F.3d 1360, 1374 (Fed. Cir. 2007).  Several courts, interpreting that language, conclude that Seagate prohibits plaintiffs from alleging willful infringement based solely upon post-filing conduct unless they also seek preliminary injunctive relief to stop such conduct. See Brandywine Commc'ns Technologies, LLC v. Casio Computer Co. Ltd., 912 F. Supp. 2d 1338, 1353 (M.D. Fla. 2012); Execware, LLC v. Staples, Inc., Civ. No. 11-836-LPS, 2012 WL 6138340, at *6 (D. Del. Dec. 10, 2012) report and recommendation adopted, Civ. No. 11-836-LPS, 2013 WL 171906 (D. Del. Jan. 16, 2013).

Other courts, however, have recognized an exception to the foregoing principle based upon other language in Seagate and the notion that certain plaintiffs would not be eligible for preliminary injunctive relief, not for want of demonstrating a likelihood of success on the merits, but rather because they could not demonstrate that they would

suffer irreparable harm absent injunctive relief. See, e.g. DataQuill Ltd. v. High Tech Computer Corp., 887 F. Supp. 2d 999, 1015-16 (S.D. Cal. 2011). In DataQuill, plaintiff no longer practiced the patents-in-suit, did not compete with defendant and had a history of licensing its patents. Id. at 1015. Under those circumstances, the district court concluded that plaintiff could not demonstrate irreparable harm because monetary damages provided an adequate remedy and, therefore, requiring plaintiff to seek a preliminary injunction simply to preserve a willful infringement claim would be a "waste of time and resources." See id. at 1015-16.

This Court agrees with (and will adopt) the logic of the DataQuill court. Plaintiff alleges willful infringement based upon post-filing conduct but avers that it no longer practices the patents-in-suit and does not compete with defendant. It is therefore likely that, as in DataQuill, plaintiff could not obtain injunctive relief from this Court because it could not demonstrate irreparable harm and requiring it to seek a preliminary injunction would be a waste of this Court's time and resources. Accordingly, plaintiff's motion to amend the complaint will be allowed in its entirety.

III. **Motion to Stay Pending Supplemental Examination**

    A.   Standard of Review

District courts have the inherent authority to manage their dockets and to stay proceedings, including the authority to order a stay a patent case pending reexamination of the patents-in-issue by the PTO. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Staying a patent proceeding pending reexamination requires the consideration of two significant, competing interests: on the one hand, reexamination may resolve disputed issues and obviate the need for trial, conserving party and judicial resources; on the other, delay resulting from a stay may prevent valid patent-holders from vindicating their rights for considerable periods of time. See ADA Solutions, Inc. v. Engineered Plastics, Inc., 826 F. Supp. 2d 348, 350 (D. Mass. 2011) (citing authority). Courts are guided in the exercise of their discretion in this area by considering the following factors:

> 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
>
> 2) whether a stay will simplify the issues in question and trial of the case; and
>
> 3) whether discovery is complete and whether a trial date has been set.

Id.

**B.    Application**

Plaintiff's request for stay is novel in at least two ways. First, ordinarily it is the defendant who seeks re-examination of the patents-in-suit and asks for the stay rather than the plaintiff who, of course, initiated the litigation. Consequently, here it is the alleged infringer, rather than the patentee, who claims prejudice resulting from a stay of the infringement suit against it on the grounds that a stay would prolong the cloud upon defendant's business caused by the litigation while enabling plaintiff to 'build a better case' by presenting some of defendant's strongest arguments, ex parte, to the PTO.

Second, plaintiff's request derives from a new procedure contained within the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (codified as amended in scattered sections of 35 U.S.C.).  That procedure permits patentees to present relevant, previously uncited prior art to the PTO through a request for a "supplemental examination" so that the PTO can determine whether such art raises a "substantial new question of patentability" (so-called "SNQs"). See 35 U.S.C. § 257(a) (2013). If the PTO determines that the uncited prior art presents one or more SNQs, it will order a reexamination of the subject patents. See id. at § 257(b).

The latter scenario has arisen, here.  After determining

that the additional prior art plaintiff presented raises SNQs as
to both patents-in-suit, in separate office actions the PTO
ordered <u>ex</u> <u>parte</u> reexaminations of both patents and rejected <u>all</u>
of the claims in each.  It did so because the newly disclosed
prior art rendered all of the subject claims unpatentable.  While
the decision of the PTO is not yet final, its actions distinguish
the instant case from a typical motion to stay pending
reexamination which generally arises after the PTO has agreed to
conduct a reexamination but before it has announced even a
preliminary conclusion. <u>See, e.g.</u> <u>In re Body Sci. LLC Patent</u>
<u>Litig.</u>, Civ. No. 12-MD-2375-FDS, 2012 WL 5449667 (D. Mass. Nov.
2, 2012).

The posture of the instant case leads this Court to conclude
that a stay of the litigation is warranted.  First, because the
PTO has already announced its inclination to reject all the
claims of the patents-in-suit, it is possible plaintiff's claims
will be rendered moot.  Even if the PTO concludes that only some
of the claims should be rejected or that some or all should be
narrowed in scope, such a decision will reduce the number of
issues for trial.  Such an outcome is likely because, as
defendant has argued, historical data suggests that <u>ex</u> <u>parte</u>
reexaminations frequently result in a narrowing of the claims.
<u>See also</u> <u>In re Body Sci. LLC Patent Litig.</u>, 2012 WL 5449667, at
*2 (noting 78% of reexamination proceedings result in some

changes to claims).

Second, a stay will not unduly prejudice defendant because the ex parte proceeding is unlikely to affect its defenses in this case. As defendant has also argued, because plaintiff initiated the supplemental examination after it had already filed suit against defendant, the outcome of that examination or any reexamination ordered pursuant thereto "shall not apply to any defense raised in [that] action". See 35 U.S.C. § 257(c)(2)(B). It is therefore unlikely that the PTO's decision could prejudice defendant in this action, save for the delay caused and courts have previously found that the delay inherent in the reexamination procedure, by itself, does not constitute undue prejudice. See, e.g. CCP Sys. AG v. Samsung Electrs. Corp., No. 09-cv-4354, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010).[1]

Finally, discovery is not yet complete and, although it has conducted a Markman hearing, the Court has not yet construed the claims that are the subject of the PTO proceedings. The case is not, then, so advanced as to be jeopardized by a modest delay awaiting the PTO's determination, which could simplify the issues for trial or, possibly, eliminate the need for one altogether.

---

[1] That principle is particularly applicable here, where the delay is likely to be shorter than in typical reexaminations because plaintiff is required to submit briefs to the PTO within one month and the reexamination proceeding appears to be operating on an expedited schedule.

Accordingly, the Court will enter a stay subject to periodic reevaluation. Plaintiff will submit a status report on the reexamination on October 31, 2013 and every 90 days thereafter.

### ORDER

In accordance with the foregoing,

1) plaintiff's motion for leave to file an amended complaint (Docket No. 31) is **ALLOWED,**

2) plaintiff's motion to stay pending the resolution of its requests for supplemental examination of the patents-in-suit by the PTO (Docket No. 37) is **ALLOWED,** and

3) plaintiff is directed to inform the Court as soon as the PTO renders a decision on the pending reexamination proceedings and, in the interim, to file status reports on or before October 31, 2013 and every 90 days thereafter.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated July 25, 2013